# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| RAYMOND GRESSETT<br>(Travis Co. #1935004) | § § § | |
| V. | § § | A-20-CV-230-RP |
| TRAVIS COUNTY DISTRICT<br>ATTORNEY MARGARET MOORE,<br>TRAVIS COUNTY DISTRICT CLERK<br>VELVA PRICE, and<br>TRAVIS COUNTY ATTORNEY<br>DAVID ESCAMILLA | § § § § § § § | |

## ORDER

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed *in forma pauperis*. After consideration of the complaint, it is dismissed for failure to state a claim upon which relief can be granted.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the the Travis County Correctional Complex in Del Valle, Texas. State court records reflect on January 16, 2020, Plaintiff was indicted for Aggravated Assault with a Deadly Weapon in Cause No. D-1-DC-19-208330 for a crime allegedly committed on December 2, 2019. Plaintiff's criminal case is currently pending.

In his civil-rights complaint Plaintiff challenges his pretrial detention. He complains the defendants are responsible for the administration of justice at the Blackwell-Thurman Criminal Justice Center. He appears to contend the crime he allegedly committed was "de minimis." He accuses the Clerk of Court of using the "wrong stamp," making something fraudulent. Plaintiff also

challenges his indictment, claims he was denied access to a courtroom, and contends his bond is excessive.

Plaintiff sues Travis County District Attorney Margaret Moore, Travis County Attorney David Escamilla, and Travis County District Clerk Velva Price. He seeks a declaratory judgment, injunctive relief, compensatory damages, and punitive damages.

DISCUSSION AND ANALYSIS

A.  <u>Standard Under 28 U.S.C. § 1915(e)</u>

According to 28 U.S.C. § 1915A(b)(1), this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed *in forma pauperis* at any time if it is determined that action is (i) frivolous or malicious, or (ii) fails to state claim on which relief may be granted).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted).

A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28). In evaluating whether a complaint states a claim under sections 1915A(b)(1) and 1915(e)(2)(B), this Court applies the same

standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

B. <u>Eleventh Amendment Immunity</u>

Plaintiff's claims seeking monetary relief against District Attorney Margaret Moore, in her official capacity are barred by Eleventh Amendment Immunity. When acting in their official capacities, Texas district attorneys are considered agents of the state, which are immune from claims for damages under the Eleventh Amendment. *Neinast v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000); *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997); *Quinn v. Roach*, 326 Fed. Appx. 280, 292–293 (5th Cir. May 4, 2009). Therefore, Plaintiff's claims against the Travis County District Attorney, in her official capacity for monetary damages, are barred.

C. <u>Prosecutorial Immunity</u>

Plaintiff's claims against District Attorney Margaret Moore and Travis County Attorney David Escamilla in their individual capacities for monetary damages are barred by prosecutorial immunity. Prosecutors are absolutely immune from liability under the federal civil rights statutes with regard to actions taken by them within the course and scope of representing the governmental

3

agencies and subdivisions in judicial proceedings. Under the doctrine of prosecutorial immunity, a prosecutor is absolutely immune in a civil rights lawsuit for any action taken in connection with a judicial proceeding. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Burns v. Reed*, 500 U.S. 478, 487-92 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 427-31 (1976). "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protection of absolute immunity." *Boyd*, 31 F.3d at 285 (quoting *Buckley v. Fitzsimmons*, 509 U.S. at 273). Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. *Boyd*, 31 F.3d at 285; *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993). Thus, a prosecutor is immune from civil rights liability for actions taken in connection with a judicial proceeding, even if taken maliciously. *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991); *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987).

The Court recognizes that not all prosecutorial functions are protected. In *Imbler*, the Court declared that absolute immunity applied to a prosecutor's actions in "initiating a prosecution and in presenting the State's case." *Imbler*, 424 U.S. at 431. This immunity protected the alleged knowing use of false testimony at trial and the alleged deliberate suppression of exculpatory evidence. In *Imbler*, the Court left open the issue of whether absolute immunity applied to administrative or investigative acts. However, in *Burns*, the Court answered that question, stating that absolute immunity does not apply to investigative or administrative acts performed by prosecutors. *Burns*, 500 U.S. at 493.

In the case at hand, Plaintiff challenges actions or inactions taken by the prosecuting attorneys during Plaintiff's criminal proceedings which are protected by prosecutorial immunity. In

this action Plaintiff does not allege any actions taken by either defendant that were outside the course and scope of representing the District Attorney's Office or the Travis County Attorney's Office in Plaintiff's criminal proceedings. In fact, Plaintiff does not even allege Defendants Moore or Escamilla were personally involved in his prosecution.

D. Supervisory Liability

To the extent Plaintiff sues Clerk of Court Velva Price he fails to allege she was personally involved. This failure is fatal to his claims. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (observing "[p]ersonal involvement is an essential element of a civil rights cause of action"). "Supervisory officials are not liable under § 1983 for the actions of subordinates on any theory of vicarious liability"; they must have been "personally involved in the alleged constitutional deprivation or have engaged in wrongful conduct that is causally connected to the constitutional violation." *Turner v. Lt. Driver*, 848 F.3d 678, 695–96 (5th Cir. 2017).

E. Municipal Liability

To the extent Plaintiff sues Defendant David Escamilla or Velva Price in their official capacities, his claims fail. A political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior. *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992). The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right. *Id*; *Collins v. City of Harker Heights, Tex.*, 916 F.2d 284, 286 (5th Cir. 1990), *aff'd*, 503 U.S. 115 (1992). Thus, Travis County would violate

an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage. *Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016 (1985). A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government "policy." *Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986). Plaintiff failed to identify a policy, practice or custom of Travis County that caused a deprivation of his constitutional rights.

F.  Habeas Corpus

This Court declines to construe Plaintiff's complaint as an application for habeas corpus relief pursuant to section 2241 because Plaintiff has neither alleged nor shown that he has exhausted his state–court remedies nor has he shown exceptional circumstances of peculiar urgency. *See Montano v. Texas*, 867 F.3d 540, 542 (5th Cir. 2017), *cert. denied*, 140 S. Ct. 104 (2019); *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

G.  No Right to Amend

Generally, before dismissal of a section 1983 complaint, a pro se litigant should be afforded an opportunity to amend in an attempt to cure any deficiencies. *Neitzke*, 490 U.S. at 329; *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009), *cert. denied*, 560 U.S. 944 (2010). Leave to amend is not required, however, if the pro se litigant has already pleaded his "best case." *Brewster*, 587 F.3d at 768. The Court finds, based upon review of the Complaint and applicable law, that any attempt by Plaintiff to amend would be fruitless - he has pleaded is best case under the facts. Accordingly, the Court need not provide him with an opportunity to amend prior to dismissal.

It is therefore **ORDERED** that Plaintiff's claims seeking monetary relief against Defendant Moore in her official capacity are **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction, and Plaintiff's remaining claims seeking monetary damages are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. Plaintiff's claims seeking injunctive relief are **DISMISSED WITHOUT PREJUDICE** to refiling a habeas corpus application after Plaintiff has exhausted his state court remedies.

Plaintiff is warned if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

It is further **ORDERED** that the Clerk is directed to e-mail a copy of the Court's Order and Judgment to the keeper of the three-strikes list.

**SIGNED** on March 11, 2020.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE